United States Court of Appeals for the Ninth Circuit is now in session. Good morning and welcome to the Ninth Circuit. Judge Bumate and I are pleased to welcome our colleague Judge Mossman from the District of Oregon sitting with us by designation which he has on a number of occasions. The first case for argument today is United States v. Hall and you may proceed. Good morning Your Honor. Myra Sun appearing for Randy Hall. I would like to reserve a couple of minutes for rebuttal and I will not address the first issue that was raised which is the waiver of appeal unless there are questions from the court about it. The primary issues in this case are the impact on my client's decision-making in choosing to plead guilty based on the warning that he would have to represent himself if he raised issues again. Counsel, I actually do have questions on on the waiver front. It sounds like there wasn't quite too much argument on why the waiver was not knowing involuntary as opposed to what happened earlier with the choice of the new defense counsel. The issue of the waiver of appeal everybody agrees on the standard is whether the language of the waiver that my client made encompasses the subject matter of the appeal whether the plea agreement is voluntary and I think that's an in between those two so that if you find that the language of the waiver did not encompass the subject matter of the appeal and we think it did not then there would not be a waiver of appeal. In other words both of those things would be required. What in the it says if defendant breaches this plea agreement at any time by appealing or collaterally attacking the conviction or sentence in any way. We believe that there are two sections to the plea agreement. The first talks about waiver and there the express description of the subject matter that's being waived is the sentence the penalty and we believe that the language that the court was just reading from deals with breach and it does sound like it's an absolute well it is an expanded set of conditions that will lead to a breach and that raises what we regard as an ambiguity in whether there's a waiver of the appeal on the grounds that we've raised here and if there's an ambiguity we believe that the government as the drafter of the plea agreement is responsible for that ambiguity and it's interpreted against the government. Okay and then what about on the and then do you are you also making a voluntary argument? Yes and that is really the separate the next section the one that I really like to talk about mainly unless the court has other questions about appeal the issue is appeal the waiver issue sorry. Well I mean that I thought one of your argument and we and want to look to the the the voluntariness prong of wave of the waiver what's your argument there? Well that is the the next issues in this case we believe happened here is that the court made a warning to my client and we disagree about the meaning of that warning we interpret that warning as saying if you come into court again and you say that you have abject mistrust in the representation that you're going to be given by counsel and you would like new counsel if you do that again then you're going to represent yourself that's how we interpret that warning I think that that's a very fair interpretation of the warning and we want to emphasize here that the breakdown in the relationship between my client and his counsel at the time of that second effort to replace counsel was not in the kind of traditional conflict of oh he disrespects me he mistreats me it is that I don't trust him and this is a thread throughout the issues that he is raised with the court both the first time and the second time the first time he talked about and his he had two lawyers counsel yeah the count the counsel that the defense counsel that led him to the plea agreement is he didn't raise any concerns about that counsel correct he didn't raise concerns directly about that counsel what we do know is that at the sentencing there are two things that happen that I think are noteworthy here one is can we go backwards just before we get to the sentencing I'm sorry to interrupt you there but I want to talk about the warning so you're troubled by the warning judge Martinez gave but what sort of warning would you agree could be given at that point that's a point judges reach all the time what's an allowable warning in your view well again I think that this was a thread the issue of mistrust of his counsel in his first with the first set of counsel my client and I think one of the lawyers acknowledged you know we don't get very many shootings police officers in this city so for him to ask for an attorney that has some experience with these issues is it's hard to do so that's what I'm less concerned about the predicate than I am about just sort of in the abstract what kind of warning can you say to someone who as a district judge you feel might be gaming the system what he would say the third time if my clients presentation about mistrust of his counsel was insufficient was he would say now I don't find you credible on the issue of whether you want to replace counsel purely because you mistrust him because you feel that he does not understand your concerns and will not give you zealous representation if I'm talking about before the third time before he's unhappy with Edmonds when he's about when he's about to assign a new lawyer can't a district judge say something like you better make this work or it's not gonna I'm not gonna look kindly on your next request well the kind of mistrust that we were talking about here is mistrust of whether he had an attorney who could ably represent him in a very emotionally charged and probably politically charged shooting and because of that what I would have said is that the kind of warning the court should have given if the court doubted my clients concern in this area was to say you know I don't know that I believe you here I do take you at your word when you say that you're concerned in the second circumstance I want to remind the court what happened was my client you know this lawyer I'm aware of what happened okay so because of that he said I don't trust him and the court said actually I was just reviewing it you know he said no matter okay we're not going to do this again no matter who you get in other words this lawyer whether you have acute mistrust of him or her whether he or she is acknowledges to you I can't represent you in the case like this that's this heavy I can't do it even if he said that to my client basically the suggestion is tough that's what we think this warning is conveying and that's why we think it burdens his right to counsel so if a warning allows for the possibility of coming back to the court to say this new lawyer isn't working out either he's going to be a constitutionally defective lawyer that kind of warning in your mind is okay well he's not again we don't the issue is whether there's a complete breakdown and there can be breakdowns there are cases about what the kind of breakdown and I think that the warning should emphasize the reasons the court is sort of making this premature judgment that's the other aspect of the warning here it's sort of I have with that is you know you're crafting a very perfect world statement by the district court for the defendant but we have a lot of you know you don't get a right to a particular counsel whether it's Robinson or Rylander or others and implicit in his statement it seems to me is what you've said okay we've done it once we've done it twice he's basically saying we can't keep doing this and in doing that he's saying you know you're the one that's creating this situation so I don't know if there is a constitutional difference between what happened here and what you're saying should have happened I'd appreciate your comments on that well I think that because it was so definite it doesn't matter who you get it doesn't matter what this lawyer may tell you about his or her ability to represent you able in this case we're not going to do this again it was pretty definite and I think that that would cross the line and make this a constitutionally burdening statement I understand that courts a lot of your time with questions so reserve the remaining time yes 20 seconds so let me just quickly say in context in the context of this discussion I think that the rule 11 error here which I do think is plain does have meaning and I will I'll take my extra nine seconds and put it on thank you good morning your honors and may it please the court Teal Miller on behalf of the United States I'm gonna start with voluntariness because that's where the court left off and I think there are three reasons why this court should conclude that the district courts admonishment doesn't support an inference that this guilty plea was some of the issues you were just talking about the admonishment was not as broad as Hall suggests the district court specifically told him don't come back to me and say the same things you've done now twice if Hall had come back to him and said what opposing counsel just suggested he's not competent to handle this kind of case and he's told me it's too much for him the idea that the district court had already ruled out listening to that is not borne out by the record the second point is the the district courts admonishment was a correct statement of the law a defendant can waive his right to counsel through his conduct and making Hall aware that he wasn't going to let the district courts making Hall aware that he wasn't going to let Hall run through counsel was appropriate it was right for him to know that and the idea that that what the district court said reflects that he would have gone forward without a hearing and had Hall go pro se assumes that the district court would have made an error that we have no reason to believe it would have made and the final reason is the record doesn't support a connection between the Edmund his counsel when he pleaded guilty the statements he points to in the record from the sentencing hearing don't go to the relationship to counsel at pages 84 through 85 he says I don't like some of the things in the statements of fact to the guilty plea but he acknowledges that he negotiated for a better statement of facts than he was originally offered which is a suggestion that counsel was actually effective and at page 89 he's talking about he says I felt pinned down but he felt pinned down by facing very serious charges not by his relationship with counsel or the comments from the court the timing of the plea also doesn't support this inference he Edmund was appointed in July of 2018 and he pleaded guilty in March of 2019 and there were significant intervening events that demonstrate why he pleaded guilty the case got harder for him after the motion in limine and the district courts ruling that the evidence with regard to the drive-by shooting from April 2016 some of it could come in sentencing law changed and he actually at his allocution at sentencing noted that Hall did and the state agreed to drop charges in the plea agreement all of those things point to the reason why he he decided to plead guilty it also is notable that that judge Martinez said the first time at the first expiry hearing don't come to me and do this again and that didn't dissuade Hall so there's no reason to believe that the Mr. Hall said on the record at the rule 11 hearing that his plea was voluntary and he made no motion to withdraw after the hearing before the magistrate judge so between the period when the magistrate judge took his plea and when the district court accepted it he could have withdrawn it for no reason whatsoever and he also didn't seek to withdraw either between the district courts acceptance and sentencing or after sentencing and before his appeal and for all of these reasons I think the only reasonable inference based on this is that the admonishment was appropriate and had no effect on the decision to plead guilty. What about the argument that the plea agreement was ambiguous about whether or not this claim is covered? I think that the best reading is is the one you suggested Judge Bumate which is that the section of the plea entitled appellate waiver which is paragraph 13 to includes the about a conviction and it's if it were in a separate provision of the plea agreement maybe it would give rise to an ambiguity but I think the fact that the plea that the appellate waiver provision of the agreement says if defendant breaches this plea agreement at any time by appealing or collaterally attacking the conviction or sentence means that there's no ambiguity here. Usually that would be under 13a you know usually it's you can't appeal this sentence and conviction here it just says appeal the sentence so what are we to make of that? Is this a standard plea agreement appellate waiver for your office? No I don't think it is anymore it was I think that the standard language we use includes conviction in the first part of the appellate waiver I'm not sure if they're still separated into two paragraphs but I think even if you could emphatic plea agreement that doesn't mean that this one is ambiguous given the reference to the conviction. I ultimately don't think that this issue matters a lot it matters for the bottom line disposition of the case if you accept the government's position whether you dismiss the appeal for lack of jurisdiction or affirm the conviction. I also think it matters a little bit with respect to the rule 11 argument because it helps highlight why there really isn't any difference between voluntariness and an inquiry a separate inquiry into forced threats or promises at least in this context when there's no suggestion in the record of forced threats or promises because either they're the same for purposes of the voluntariness inquiry or they're separate in which case the rule 11 sort of technical argument that you must technically ask this separate question doesn't go to voluntariness and is barred by the appellate waiver. If the court has no further questions we would ask that the appeal be dismissed or the judgment be affirmed. Thank you. Oh Miss Brebner would you just put a minute back on the clock because I think it's kind of unfair to have you do your rebuttal in 20 seconds. Thank you I just want the issue of the interpretation of the plea agreement we we both agree that there were two paragraph 13s in the plea agreement so if paragraph one had been paragraph 13 and the next one had been paragraph 14 then it would really be two separate sections of the plea agreement and it just happened to be that there was a typo and there are two paragraph 13s so they're ambiguous readings of what consequences follow from appealing in two separate paragraphs that creates an ambiguity. I wanted to go to the issue of whether this warning was definitive enough to be treated as one that said you can't come back to me again. Again my client was expressing mistrust and he had two different sets of circumstances that he raised each time for his mistrust of his counsel's ability to represent him in a case that he regarded as both emotionally and and thinking in terms of shootings of police officers because he mentioned by police officers he mentioned one that had happened in Seattle in his second discussion with the court and those all bore on a claim of self-defense which is plainly what he wanted to do and what is discussed in Mr. Edmonds sentencing memorandum so this was where the essence of his mistrust and concern about counsel lay and basically again looking at the language of the court's warning what he was told was don't come in and issue for you again with your counsel. I have decided that for whatever reason I don't want to hear it again and then you're going to represent yourself and the court I disagree certainly that my client's behavior or anything he said suggests that he had engaged in conduct like the conduct in the cases that the government cites and even in Sutcliffe which it also raised in its in its brief basically he was not the kind of person who was saying about his lawyer he yells at me I hate him he hates me it wasn't one of those kinds of conflicts it was a conflict that it wasn't conflict it was trust and that can that can cause a breakdown of a relationship between counsel and client just as well as arguments about disrespect and that was what my client was trying to raise and what the court said I don't don't think that it's warning can be interpreted any other way. Thank you I think we have your point in mind the case just argued of United States versus Hall is submitted thank both counsel for your argument
judges: McKeown, Bumatay, Mosman